# NO. 12-18-00106-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURTIS LEO BALLARD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Curtis Leo Ballard appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Appellant elected to waive a jury trial and plead "guilty" to the indictment pursuant to a plea bargain. The trial court accepted Appellant's "guilty" plea, but in accordance with the plea bargain, deferred a finding of "guilt" and placed him on community supervision for a term of eight years. The State later filed an application to adjudicate Appellant's guilt and revoke his community supervision, alleging that Appellant violated the terms and conditions of his community supervision. At a hearing on the State's application to revoke, Appellant pleaded "true" to allegations that he consumed and possessed alcohol in violation of the terms and conditions of his community supervision. The court found the allegations to be "true," found Appellant "guilty" of aggravated assault with a deadly weapon and sentenced him to eight years of imprisonment. This appeal followed.

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has diligently reviewed and evaluated the appellate record and found no error for our review. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We have considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We have found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw. We *affirm* the trial court's judgment. All pending motions are *overruled* as moot.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant requested a copy of the appellate record, and the trial court notified this Court that a copy of the record was delivered to Appellant. Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of

Appellate Procedure.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2019**

**NO. 12-18-00106-CR**

**CURTIS LEO BALLARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0548-16)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*